UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

        v.                               CAUSE NO. 3:20-CV-991-RLM-MGG

JOHNSON, et al.,

    Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a complaint raising several claims arising from his incarceration at the Miami Correctional Facility. ECF 1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Taylor alleges Correctional Officer Johnson denied him constitutionally adequate medical treatment on June 9, 2020. ECF 1 at 2. He alleges Officer Johnson saw him bleeding profusely, shrugged his shoulders, and allowed him to black out for several hours after he begged for medical attention. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429

U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Mr. Taylor's complaint plausibly alleges Officer Johnson denied Mr. Taylor constitutionally adequate medical care for profuse bleeding on June 8, 2020.

Mr. Taylor alleges on September 23, 2020, Officer Johnson make him strip naked in front of other inmates and then yelled to them that Mr. Taylor was a "a snitch, a bitch, and a fag." ECF 1 at 2. Verbal abuse can constitute cruel and unusual punishment under the Eighth Amendment in limited situations. Beal v. Foster, 803 F.3d 356, 357-58 (7th Cir. 2015). In *Beal*, the guard called an inmate terms like "punk, fag, sissy and queer," in the presence of other inmates thereby "increas[ing] the likelihood of sexual assaults on him." *Id*. at 358. Because the harassment "may have made him a pariah to his fellow inmates and inflicted significant psychological harm

2

on him," the court found that the harassment was actionable. *Id*. at 359. Not only are the statements alleged in this case similar to those made in *Beal*, they were allegedly made while Mr. Taylor was allegedly standing naked in front of the other inmates. These allegations plausibly state a claim on which relief could be granted.

Mr. Taylor alleges that Officer Johnson called him snitch while he was speaking with Chaplin Conklin. He also alleges on October 7, 2020, Officer Johnson threatened to pepper spray him, threatened to "beat my ass," and threatened to let someone into his cell if he didn't stop filing complaints. ECF 1 at 2. He alleges Officer Johnson "would make negative statements to me." *Id*. Mr. Taylor alleges Officer Johnson told him he had no rights because he was an alien. He alleges Officer Johnson called him names and "said racist things toward me . . . and said he was about to beat my ass [and] called me a nigger, a snitch, a fag, and a bitch" on November 19, 2020. ECF 1 at 3. "[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Unlike the alleged statements made to other inmates while he was naked, calling him a snitch in front of the Chaplin isn't actionable. Neither are the allegedly verbal harassing statements.

Mr. Taylor alleges Officer Johnson "would say things to other inmates about me loud enough for me to hear." ECF 1 at 2. The complaint doesn't explain what was said nor when. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The vague allegation that Officer Johnson said things about him is insufficient to state a claim on which relief can be granted.

Mr. Taylor alleges on November 19, 2020, Officer Johnson ordered him to return a meal tray, but he "refused to give up the tray." ECF 1 at 3. Mr. Taylor says he "became defensive." *Id*. He alleges Officer Johnson responded by spraying him with two cans of mace. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure

4

taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Though Mr. Taylor writes that Officer Johnson acted sadistically and maliciously, he hasn't plausibly alleged facts to support those conclusory statements. Rather, the facts provided indicate he refused to comply with a valid order and force was used to restore discipline. The complaint does not state a claim on which relief can be granted for an excessive use of force.

Finally, Mr. Taylor alleges spraying him, Officer "Johnson directed [Correctional Officer] Jones . . . to take his time with decontamination." ECF 1 at 3. He alleges he was given water to wash, but only for three or four minutes. He alleges Correctional Officers Leichty and Williams refused him a washcloth, soap, and water. He alleges he suffered for 45 minutes before he received a shower. There might have been justifiable reasons for the delay, but at the pleading stage, these allegations state a claim on which relief might be granted for a denial of constitutionally adequate medical care.

For these reasons, the court:

(1) GRANTS Ezekiel I. Taylor leave to proceed against Correctional Officer Johnson in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for profuse bleeding on June 9, 2020, in violation of the Eighth Amendment;

5

(2) GRANTS Mr. Taylor leave to proceed against Correctional Officer Johnson in his individual capacity for compensatory and punitive damages for making him stand naked in front of other inmates and calling him a "a snitch, a bitch, and a fag" on September 23, 2020, in violation of the Eighth Amendment;

(3) GRANTS Mr. Taylor leave to proceed against Correctional Officers Johnson, Jones, Leichty, and Williams in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical care by preventing him from decontaminating for 45 minutes after being sprayed with a chemical agent on November 19, 2020, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officers Johnson, Jones, Leichty, and Williams at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Correctional Officers Johnson, Jones, Leichty, and Williams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 24, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COUR

7