UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

        v.                       CAUSE NO. 3:20-CV-991-RLM-MGG

JOHNSON, et al.,

    Defendants.

## OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed an amended complaint raising several claims arising from his incarceration at the Miami Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Taylor alleges on November 19, 2020, Correctional Officer Michael Johnson ordered him to return a meal tray, but he "refused to return the tray." ECF 23 at 3. Mr. Taylor says he refused to submit to restraints until Officer Johnson sprayed him once. He alleges Officer Johnson then falsely accused him of spitting and sprayed him with an entire can of chemical agent. Then Officer Johnson is alleged to

have ask Correctional Officer Dexter Jones for his can and proceeded to empty it across Mr. Taylor's entire body.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). The complaint's allegation about the first, single spray doesn't plausibly allege an excessive use of force. It was used to restore discipline because Mr. Taylor refused to comply with a valid order. But the use of an entire can of spray in response spitting (even if true), plausibly alleges a malicious and sadistic effort to inflict pain rather than to retore or maintain discipline. So, too, with the second can of spray Mr. Taylor says was administered to his body.

"[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so [may be] held liable." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). This complaint plausibly alleges Officer Jones had such an opportunity before he gave Officer Johnson his can of chemical agent.

Mr. Taylor alleges Officers Johnson and Jones gave him only two minutes to decontaminate before turning off his water and leaving. He alleges Correctional Officers Christian Leichty-Maples and Wilson heard him screaming for help, but left him without water for an hour. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*quoting* Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)). A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To state a claim, the complaint needs to allege "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Mr. Taylor's complaint plausibly alleges these four correctional officers knew the chemical agent was harming Mr. Taylor and could have easily turned on the water, but decided not to do so.

In this order, Taylor is granted leave to proceed against four defendants. Correctional Officers Michael Johnson, Dexter Jones, and Christian Leichty-Maples have already entered appearances. Therefore, service of the amended complaint on their attorney is permitted by Federal Rule of Civil Procedure 5(b)(1). Correctional

3

Officer Wilson is being added and will be served by the United States Marshals Service unless service is waived.

For these reasons, the court:

(1) GRANTS Ezekiel I. Taylor leave to proceed against Correctional Officer Michael Johnson in his individual capacity for compensatory and punitive damages for using excessive force by spraying him with two cans of chemical agent on November 19, 2020, in violation of the Eighth Amendment;

(2) GRANTS Ezekiel I. Taylor leave to proceed against Correctional Officer Dexter Jones in his individual capacity for compensatory and punitive damages for not intervening to stop Correctional Officer Michael Johnson from spraying a second can of chemical agent on November 19, 2020, in violation of the Eighth Amendment;

(3) GRANTS Ezekiel I. Taylor leave to proceed against Correctional Officers Michael Johnson, Dexter Jones, Christian Leichty-Maples, and Wilson in their individual capacities for compensatory and punitive damages for preventing him from decontaminating for an hour after being sprayed with a chemical agent on November 19, 2020, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Wilson at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 23), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Correctional Officers Michael Johnson, Dexter Jones, Christian Leichty-Maples, and Wilson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COUR