UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

          Plaintiff,

          v.                          CAUSE NO. 3:20-CV-991-RLM-MGG

JOHNSON, et al.

          Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Correctional Officer Michael Johnson in his individual capacity for compensatory and punitive damages for using excessive force by spraying him with two cans of chemical agent on November 19, 2020, in violation of the Eighth Amendment [.]" ECF 32 at 4. Second, he is proceeding "against Correctional Officer Dexter Jones in his individual capacity for compensatory and punitive damages for not intervening to stop Correctional Officer Michael Johnson from spraying a second can of chemical agent on November 19, 2020, in violation of the Eighth Amendment [.]" *Id*. Third, he is proceeding "against Correctional Officers Michael Johnson, Dexter Jones, Christian Leichty-Maples, and Wilson in their individual capacities for compensatory and punitive damages for preventing him from decontaminating for an hour after being sprayed with a chemical agent on November 19, 2020, in violation of the Eighth Amendment[.]" *Id.* The defendants moved for

summary judgment, arguing Mr. Taylor didn't exhaust his administrative remedies before filing suit. ECF 41. The court grants the defendants' motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). Aparty opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002).

The defendants argue that Mr. Taylor didn't exhaust his administrative remedies before filing this lawsuit because he submitted a formal grievance regarding Officer Johnson's November 19 use of force but never appealed the grievance after it was denied. ECF 42 at 6-7. The defendants provide evidence showing the following: On December 2, 2020, Mr. Taylor submitted Grievance 121255, complaining that Officer Johnson had used excessive force against him on November 19. ECF 41-5 at 2. The grievance office denied Grievance 121255 on the merits on January 20, 2021, concluding that Officer Johnson had used a reasonable amount of force. *Id.* at 1. The prison's Grievance Specialist attests Mr. Taylor didn't appeal the denial of Grievance 121255. ECF 41-1 at 7.

Mr. Taylor concedes he didn't appeal the grievance office's denial of Grievance 121255, leaving it undisputed that Mr. Taylor didn't fully exhaust the grievance. *See* ECF 41-3 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager). Instead, Mr. Taylor argues the defendants' November 19 conduct wasn't grievable

3

because it was the subject of a disciplinary hearing. ECF 49. Mr. Taylor submits evidence that the prison held a disciplinary hearing about the November 19 use of force to determine whether Mr. Taylor was guilty of assaulting prison staff. *Id.* at 3.

Mr. Taylor is correct that the Offender Grievance Process lists "disciplinary actions or decisions" as non-grievable issues. ECF 41-3 at 4. But the grievance process clarifies that:

> An offender may not grieve the procedure used in disciplinary proceedings or grieve a finding of guilt. However, the offender is not barred from filing a grievance about an event that is merely related to an event that is the subject of disciplinary proceedings. For example, an offender who has been found guilty of battery on staff would not necessarily be barred from filing a grievance that the staff member had treated him or his property improperly in the same course of events.

*Id.* at 10. Because Mr. Taylor claims that the defendants used excessive force against him, and doesn't challenge the procedures or findings of his disciplinary proceedings, he wasn't barred from grieving the defendants' alleged use of force merely because it was the subject of a disciplinary proceeding. *See id; see also id.* at 3 (listing "[a]ctions of individual staff" as a grievable issue). The record demonstrates Mr. Taylor knew the defendants' alleged conduct was grievable: the grievance office accepted ahis grievance about the conduct and denied it on the merits. Thus, the undisputed evidence shows Mr. Taylor's claims against the defendants alleged grievable conduct and he had an available administrative remedy to grieve that conduct through the Offender Grievance Process.

Because the undisputed facts show Mr. Taylor had an available administrative remedy that he didn't fully exhaust, the defendants have met their burden to show

Mr. Taylor didn't exhaust his administrative remedies prior to initiating this lawsuit.[1] Summary judgment must be granted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 41); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Ezekiel I. Taylor and to close this case.

SO ORDERED on July 13, 2022

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court does not reach the defendants' alternative arguments that Mr. Taylor did not exhaust his administrative remedies because (1) he filed Grievance 121255 after he initiated this lawsuit and (2) Grievance 121255 did not relate to his claims against Officers Jones, Leichty-Maples, and Wilson.